

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2007

# Koger v. Robert Half Intl

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Koger v. Robert Half Intl" (2007). *2007 Decisions.* Paper 424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1746

TODD ELLIOTT KOGER,
                                                              Appellant

v.

ROBERT HALF INTERNATIONAL;
ROBERT HALF LEGAL;
APARNA SHARMA

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 05-cv-0850
(Honorable David S. Cercone)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: September 17, 2007)

OPINION OF THE COURT

PER CURIAM.

    Appellant, Todd Elliot Koger, appeals from an order entered by the United States

District Court for the Western District of Pennsylvania dismissing his complaint.  After

careful review of the record and for essentially the same reasons as those set forth by the District Court, we will affirm its entry of judgment in favor of the appellees.

The facts and procedural history of this case are well known to the parties, and thus need not be restated in detail here. Very briefly, Koger – an African American male in his 40s – filed the underlying action seeking monetary damages for the alleged discrimination he suffered during the course of his relatively short association with the Robert Half employment agency. According to Koger, appellees' treatment of him and, in particular, Sharma's stated belief that "it is difficult to place an African American male over the age of forty in [the] Pittsburgh legal community," caused him to be denied employment opportunities and amounted to a violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951, et seq.. Appellees disputed Koger's contention that he was entitled to relief and filed a motion for summary judgment.

Having concluded that Koger failed to produce sufficient direct evidence of discriminatory animus on the part of appellees with regard to any adverse employment action brought into question by his complaint, see Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), the District Court analyzed Koger's claims under the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Initially, the court limited the scope of the litigation to Koger's allegation that he had been denied an opportunity to be placed with the Pittsburgh office of the law firm of Pepper Hamilton, LLP., in accordance with Koger's various statements

2

that the position with Pepper Hamilton was the only employment opportunity at issue.

The court determined that appellees could not have engaged in any adverse action against

Koger with respect to the Pepper Hamilton position, because the record conclusively

demonstrated that Pepper Hamilton withdrew the order for placement before Robert Half

Legal was able to put *any* candidate in the position. Thus, the District Court concluded

that Koger failed to establish a prima facie case with regard to the Pepper Hamilton

position as he failed to raise even an inference that appellees treated some people less

favorably than others with respect to the employment opportunity at issue. See Texas

Department of Community Affairs v. Burdine, 450 U.S. 248, 252-253 (1981); Keller v.

Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997).

The District Court further concluded that, even if the scope of the litigation were

not limited to the Pepper Hamilton position, Koger's evidence was nonetheless

insufficient to support a finding of pretext on any of the three employment opportunities

referenced in the complaint. The District Court found that appellees met their burden of

advancing a non-discriminatory explanation for their actions in conjunction with trying to

find Koger employment. Of particular significance was the fact that appellees could not

hire any potential candidate for Robert Half Legal's customers because that decision was

reserved exclusively for Robert Half Legal's clients. Additionally, despite Sharma's

favorable rating of Koger and her efforts to assist him in making himself a more attractive

candidate to potential employers, Robert Half Legal was unable to place Koger because:

1) the Pepper Hamilton position was withdrawn before any candidate was placed in it by

3

Robert Half Legal; 2) another prospective employer chose a candidate who had a law degree, which Koger did not; and 3) Koger's personal bankruptcy history removed him from consideration under a mortgage company's specified criteria.

The District Court afforded little weight to the statement allegedly made by Sharma regarding the difficulty of placing an African American male in his 40s in the Pittsburgh legal community as the statement was not made by an actual decision-maker during the course of a decision-making process involving Koger's employment. See Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992)(stray remarks by non-decision makers are only minimally probative, particularly where such statements are made in a context removed from the actual decision-making process). The court likewise found Koger's attempt to discredit appellees' proffered explanation by proving that they did not timely contact his references to be misplaced as Sharma's high ranking of Koger and the fact that she thought very favorably of him after the interview would not make such follow-up necessary at that point in the process. The court noted that appellees' conduct in contacting one of Koger's references after the filing of the underlying lawsuit does not undermine, in any way, appellees' account of the course of action undertaken in an effort to place Koger with potential employers who might elect to interview him.

Koger's efforts to provide affirmative evidence to support a finding of pretext by demonstrating that he was treated differently when Robert Half Legal stopped contacting him after he failed to follow-up with the agency for a period of time fared no better. The

4

District Court concluded that Kathryn Christopher, the Caucasian female over the age of 40 who was contacted by the Pittsburgh office of Robert Half Legal and offered various employment opportunities despite not having contacted that office for more than a year, was not a sufficient "comparator" insofar as Koger filed suit against appellees less than a year after the Pepper Hamilton position was withdrawn. Finally, the District Court determined that Koger failed to demonstrate in a competent manner that he and the other individuals who had obtained "assignments" were situated in a sufficiently similar manner since, with the exception of Dale McFeatters, no information was provided with respect to these individuals. As for the assignment involving McFeatters, aside from the fact that Sharma forwarded both McFeatters' and Koger's resumes to the client for consideration, McFeatters had obtained a law degree, and thus was not similarly situated to Koger.

Accordingly, the District Court held that Koger failed to come forward with affirmative evidence that would support a finding of pretext, and that, to the extent he came forward with any evidence at all, it was merely colorable and lacked sufficient probative force to support a finding that appellees acted with discriminatory animus or treated him less favorably than others with whom he was similarly situated. Appellees were therefore granted summary judgment on all claims, and this timely appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over a District Court's order granting a motion for summary judgment, applying the same standard as the District Court. See Turner v. Hershey

5

Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006). Having carefully reviewed the record as well as the sole issue that Koger raises in his informal brief (i.e., that the District Court erred by accepting appellees' untimely filing of their "non-discrimination" explanation contrary to Fed. R. Civ. P. 37(c)(1)), we find the appeal to be meritless.

Koger's contention can be disposed of with little discussion. We would first note that Koger's quest to have sanctions imposed against appellees for their alleged failure to disclose "non-discriminatory" defenses began less than two months after he filed his complaint and continued throughout the proceedings. The District Court certainly acted within its discretion when it denied the requested sanction after having concluded that Koger failed to identify any proper legal basis for limiting appellees' use of the challenged information regarding the Pepper Hamilton position. See Lloyd v. Hovensa, LLC., 369 F.3d 263, 274 -275 (3d Cir. 2004), citing Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir.1983)(the scope and conduct of discovery are within the sound discretion of the trial court); see also Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995)(District Court's decision regarding imposition of Rule 37 sanctions is reviewed for abuse of discretion). In addition to agreeing with appellees' assertion that they complied with their discovery obligations, the District Court concluded that appellees were not obligated to identify particular defense theories in a manner more concrete than that set forth in their answer and that Koger's premature attempts to obtain summary judgment did not create such an obligation. We agree. The

6

District Court thus correctly determined that there was no justification for limiting appellees' presentation of their case in accordance with Koger's wishes.

Even extending our review beyond the sole issue argued by Koger, we further agree with the District Court's determination that appellees' failure to successfully place Koger was due to legitimate, non-discriminatory reasons. Judgment was properly entered in favor of appellees as Koger offered no evidence sufficient to discredit appellees' proffered reasons regarding placement, thus allowing him to survive summary judgment. See Waldron v. SL Industries, Inc., 56 F.3d 491, 495 (3d Cir. 1995) (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).

Accordingly, we will affirm the District Court's judgment.